HUGH MCLAREN v. THOMAS W. BYRNES AND JOHN STILES.

80 275
d119 262

*Lien of laborers for mining corporation—Enforcement—Foreign corporations.*

1. How. Stat. § 8408, giving laborers for a mining corporation in the Upper Peninsula of Michigan a lien for the amount due them for such labor upon all of the real and personal property of the corporation there situate, applies to the *personal* labor performed by on overseer and custodian of the mines and property of the corporation while in charge of its works and property.[1]

2. All persons are bound to take notice that unpaid laborers for a mining corporation in the Upper Peninsula have a lien for their labor upon all of the real and personal property of the corporation in that portion of the State, which accrues and attaches as the labor is performed, and may be lost by laches, but not otherwise, unless by payment or satisfaction, or voluntary release or waiver.

3. How. Stat. §§ 8402-8404, provide for the enforcement of liens for labor performed for mining corporations in the Upper Peninsula by the commencement of a suit by summons, and in case of a failure to obtain personal service the plaintiff may proceed in all respects, as near as may be, as in suits commenced by attachment where personal service is not obtained upon the defendant.

4. How. Stat. § 8145, providing for the commencement of suits against foreign corporations where the cause of action accrues in this State, has no application to a suit for the enforcement of a lien for labor performed for a mining corporation in the Upper Peninsula, where no service is had upon any officer or agent of the corporation as provided by that section.

Appeal from Menominee. (Grant, J.) Submitted on briefs April 9, 1890. Decided April 25, 1890.

Bill to restrain the sale of the property of a mining

[1] See *Phillips v. Freyer*, 80 Mich. 254, construing the log-lien law of 1887 as applicable to the case of a manufacturing of lumber, etc.

corporation in the Upper Peninsula on an execution in favor of a general creditor, until a judgment for unpaid labor is first satisfied, etc. Defendant Byrnes appeals from a decree granting the relief prayed for. Decree affirmed. The facts are stated in the opinion.

*Cook & Pelham,* for complainants, contended for the doctrine stated in the opinion.

*B. J. Brown* (*R. C. Ostrander,* of counsel), for appellant, contended:

1. That the judgment in favor of McLaren is void on its face—

  *a*—Because How. Stat. §§ 8399–8407, are applicable only to cases where the property is in possession of the party claiming a lien.

  *b*—Because How. Stat. § 8404, applies only to natural persons, and has no application to foreign corporations. This statute is in derogation of the common law, and is to be strictly construed; citing *Wagar v. Briscoe,* 38 Mich. 592.

  *c*—Because How. Stat. § 8404, is to be read in connection with How. Stat. § 8143, and, giving effect to this latter section, service by publication was not warranted without a showing that no officer, member, clerk, or agent of the corporation could be found within this State.

  *d*—Because, under How. Stat. § 8145, relative to commencement of suits against foreign corporations, service of the summons may be made upon any "officer or agent of the corporation." The return of the deputy-sheriff that the "defendant is not found, nor is any agent of said defendant found, in my county," does not satisfy the requirements of this statute, so as to give the court jurisdiction.

  *e*—Because the McLaren judgment does not adjudge it to be a lien upon the property.

  *f*—Because the judgment recites that it is "for work and labor performed by said complainant for defendant, at its request, as claimed in the notice of intention to claim said lien, as aforesaid." On referring to this notice, and the verified statement under it, we find the claim to be for nine months and twenty-two days' labor "as overseer and custodian of mine and property," at $80 per month,—$778.52. How much of this claim is for services as overseer of the mine, and how much for labor as custodian of the property, does not appear. The word "overseer" is to be taken in its natural, obvious sense, as implying rather superintendence and direction

than personal exertion in manual labor; citing *Brockway v. Innes*, 39 Mich. 47.

CHAMPLIN, C. J. The bill of complaint sets up a judgment in McLaren's favor against the Prospect Hill Mining Company, a corporation organized under the laws of the state of Wisconsin, and doing a mining business in the county of Menominee and State of Michigan. This judgment was for the sum of $798.01 damages, and costs of suit. The judgment recited the fact that the same was rendered for the personal labor of complainant. He claims a lien upon the personal property of the mining company in the State of Michigan, under and by virtue of Act No. 201, Laws of 1867, being How. Stat. § 8408. Complainant claims, further, that his lien takes precedence of an attachment duly levied upon the personal property of the mining company, at the suit of the defendant Byrnes, six days prior to McLaren's filing a notice of claim of lien in the register's office of Menominee county. Defendant Stiles is sheriff of the county, and complainant prays that he may be restrained from selling the property of the mining company under an execution issued upon the judgment recovered by defendant Byrnes in said attachment suit, and from paying him any moneys derived from any such sale until complainant's judgment shall have been satisfied in full out of said property. This is the controversy between the parties.

The defendants deny that McLaren has or ever had a lien upon the property. They deny the validity of the judgment which he sets up in his bill, and assert that the same is invalid for want of jurisdiction apparent upon the face of the proceedings.

It is proper that we should first inquire whether McLaren ever had a lien upon the personal property of the mining company. On June 26, 1888, McLaren sub-

scribed and swore to the statements contained in a notice, which he recorded with the register of deeds on June 29, 1888, at 7 o'clock and 15 minutes in the morning. In this notice he stated that he intended to claim a lien on all the real and personal property of the Prospect Hill Mining Company, a corporation organized and existing under the laws of the state of Wisconsin, and doing business in the county of Menominee, State of Michigan, lying and being in the Upper Peninsula of said State of Michigan, "for labor performed by me for said corporation;" that the performance of such labor was begun on September 1, 1887, and ended June 22, 1888, and the amount due him was $778.52. He then described the real estate and personal property upon which he claimed a lien; the personal property being the same that the attachment was levied upon.

The statute enacts that every person who shall furnish or perform any labor for any corporation organized for the purpose of mining, etc., in the Upper Peninsula of this State shall have a lien for the amount due therefor upon all the real and personal property of such corporation lying and being in such Upper Peninsula, which lien shall take precedence over all other debts, judgments, or decrees, liens, or mortgages against such corporation, except liens accruing to the State for taxes, fines, or penalties.

We think this statute is remedial in its character, and entitled to a liberal construction. The papers connected with the case show that the lien claimed was for personal labor performed by McLaren for the company while in charge of its works and property in said county as overseer and custodian of mine and property. The statute does not restrict the labor to any particular class of laborers or kind of labor performed. It only requires that it shall be labor furnished or performed for the corporation.

We are of opinion that McLaren was entitled to a lien, under the statute, for the labor performed by him. The statute is silent as to when the lien accrues to plaintiff and attaches to the property. It must necessarily accrue and attach to the property as the labor is performed. It therefore had precedence in point of time to the levy of the attachment. The law does not provide for any notice. All persons are bound to take notice that unpaid laborers for a mining corporation in the Upper Peninsula have a lien for their labor upon all the real and personal property of the corporation in that portion of the State. The lien may be lost by laches, but not otherwise, unless by payment or satisfaction, or voluntary release or waiver.

The statute provides for the enforcement of the lien in general language. It says it shall be enforced in the same manner, as is provided in that chapter for the enforcement of liens against real and personal property. The chapter (How. Stat. §§ 8402–8404) provides for the enforcement of liens against personal property by commencement of suit by summons; and, if personally served upon the defendant, the suit proceeds to judgment as in personal actions so commenced. If personal service cannot be obtained, then the party is to proceed in all respects, as near as may be, as in suits commenced by attachment where personal service is not obtained upon the defendant. McLaren issued a summons, but did not obtain personal service; and thereupon he pursued the way pointed out in attachment proceedings to obtain substituted service by publishing notice. His proceedings appear to have been regular, and his judgment is valid.

Counsel are mistaken in supposing that How. Stat. § 8145, has any application where no service is had upon any officer or agent of the corporation. That provides what shall be done when service is made upon

officer or agent, but makes no provision where such service cannot be obtained. In such case the method to be pursued is pointed out by section 8404, which method was adopted by McLaren in this case. Complainant's lien, having accrued before the lien of the attachment, is entitled to priority; and he is entitled to the relief prayed for.

The decree of the circuit court will be affirmed.

MORSE and LONG, JJ., concurred. GRANT and CAHILL, JJ., did not sit.