ATLANTIC DYNAMITE CO. *v.* ROPES GOLD & SILVER CO.

LABOR LIENS—PRIORITY—MINES AND MINING.

>  The provision of 2 How. Stat. § 8408, that laborers in mines shall have liens for wages upon all the corporate property, which shall take precedence of all other debts, liens, or mortgages, is not restricted, so as to render labor liens inferior to a mortgage prior in point of time, by the further provision of the same statute that such liens "may be proceeded on, enforced, and collected * * * in the same manner, and under the same *regulations, limitations, and conditions, as near as may be, as are herein provided* for the enforcement and collection of other liens."

Appeal from Marquette; Stone, J. Submitted October 20, 1898. Decided January 20, 1899.

Creditor's bill by the Atlantic Dynamite Company against the Ropes Gold & Silver Company. The Ishpeming National Bank and Henry Johnson and others came in under the decree, and established claims against the defendant. The claims of Johnson and others for labor were subsequently declared a first lien on defendant's property, and from that decree the claimant bank appeals. Affirmed.

*H. O. Young,* for appellant.

*Thomas J. Dundon,* for appellees.

LONG, J. The Atlantic Dynamite Company filed a creditor's bill against the Ropes Gold & Silver Company, a mining corporation under the laws of this State, and engaged in the mining of gold and silver in the Upper Peninsula. The defendant, the Ropes Gold & Silver Company, answered, admitting the allegations of the bill, and a decree was entered sequestering the property of the corporation to pay its debts, and providing that all persons

having claims against it be permitted to file the same with the register of the court, and become parties to the suit. Under the decree, the defendants Henry Johnson and others filed claims for labor, which were allowed as labor claims, amounting to $3,467.58. The claim of the Ishpeming National Bank, amounting to $8,069.20, secured by two mortgages upon the real and personal estate of the Ropes Gold & Silver Company in process of foreclosure, was filed and allowed. After the allowance of all claims, the defendants Henry Johnson and others filed a petition praying that their claims might be decreed a first lien upon the property, and have precedence of the mortgages of the bank. It appears that the mortgages were given for moneys advanced to the Ropes Gold & Silver Company to pay for labor and for merchandise delivered to the laborers of that company, under an agreement with the company and the laborers; and all such advances, except an open account of $686.27, were made long before the labor was performed for which the claim was allowed. Upon the hearing below, the court decreed that the labor claims of Henry Johnson and others should have precedence over the mortgages. The Ishpeming National Bank appeals.

The only question presented is whether the labor claims have such precedence. Section 8408, 2 How. Stat., provides:

" Every person who shall furnish or perform any labor for any corporation organized for the purpose of mining, smelting, or manufacturing iron, copper, silver, or other ores or minerals in the Upper Peninsula of this State, and every *bona fide* holder of any draft or order for the payment of money due for any such labor, issued or drawn by an officer, clerk, or agent of any such corporation, shall have a lien for the amount due thereon or therefor upon all the real and personal property of such corporation lying and being in the said Upper Peninsula, which said lien shall take precedence of all other debts, judgments or decrees, liens or mortgages, against such corporation, except liens accruing to this State for taxes, fines, or penalties; and every such lien may be proceeded on, enforced, and collected out of such real and personal

property, or either of the same, in the same manner, and under the same regulations, limitations, and conditions, as near as may be, as are herein provided for the enforcement and collection of other liens on real or personal property, as the case may be: *Provided*, that in the enforcement of any lien provided for in this section, it shall not be necessary to file, prove, or produce any written contract relative to the labor on which such lien is based." Laws 1867, Act No. 201.

Its language is plain and unambiguous. It provides that such liens (labor liens) shall have "precedence of all other debts, judgments or decrees, liens or mortgages, against such corporation, except liens accruing to this State for taxes, fines, or penalties." There can be no question of the legislative intent that labor liens should have precedence.

But counsel for the bank contends that the words, "every such lien may be proceeded on, enforced, and collected * * * in the same manner, and under the same regulations, limitations, and conditions, as near as may be, as are herein provided for the enforcement and collection of other liens on real or personal property, as the case may be," mean that such limitations and conditions restrict the other terms employed, so that, unless the labor liens accrue before the mortgage becomes a lien, they are to be postponed to the mortgage; that in such case the mortgage has precedence of the labor lien by becoming a lien before the labor lien attaches. We think the statute not open to this construction.

Counsel cites, as sustaining his contention, *McLaren* v. *Byrnes*, 80 Mich. 275; but in that case it expressly appeared that the labor lien had accrued before the levy of the attachment, and therefore the point under discussion here was not involved. It is true that it was said by Mr. Justice CHAMPLIN in that case that "the complainant's lien, having accrued before the lien of the attachment, is entitled to priority;" but that is not equivalent to saying that it would not otherwise have precedence. It was further said in that case, "We think this statute is re-

medial in its character, and entitled to a liberal construction."

If we are to construe this statute as contended for by counsel for the bank, we must interpolate into it the words, "except when the mortgage lien first attaches." This evidently was not the intent of the legislature. The statute was upon the statute books at the time the mortgages were given, and entered into the contract between the mortgagor and mortgagee. The mortgagee must be presumed to have known that, when labor liens were filed, such liens would take precedence over the mortgages, and it is presumed to have contracted with this in view. This was mining property at the time the mortgages were taken.

In *Warren* v. *Sohn*, 112 Ind. 213, the court held a similar statute constitutional, and that such statutory provision, in force at the time of the execution of a mortgage, entered into and became a part of the contract, and that, where such statutes provide that liens of a certain class shall have priority over all other liens, the mortgagee takes his lien subject to such labor liens as may be afterwards acquired under the statute. In *Provident Institution* v. *Jersey City*, 113 U. S. 506, it was held that a statutory lien for water rent was superior to mortgages executed prior to the attaching of the supply pipes to the mains. It was said in that case:

"When the complainant took its mortgages, it knew what the law was. It knew that by the law, if the mortgaged lot should be supplied with Passaic water by the city authorities, the rent of that water, as regulated and exacted by them, would be a first lien on the lot. It chose to take its mortgages subject to this law."

See, also, *Reynolds* v. *Black*, 91 Iowa, 1; *St. Paul, etc., Trust Co.* v. *Diagonal Coal Co.*, 95 Iowa, 551; *Brooks* v. *Railway Co.*, 101 U. S. 443,—in which cases the same rule is laid down.

This statute was enacted to secure to employés of corporations doing a mining business in the Upper Peninsula

an efficient remedy for the collection of their wages; and the rights secured to such laborers should not be frittered away by the construction now contended for.

The decree of the court below must be affirmed, with costs in favor of the petitioners for the labor claims.

The other Justices concurred.