COMMERCIAL TRADING COMPANY v DETROIT GRAY IRON & STEEL FOUNDRIES, INC.

1. WORKMEN'S COMPENSATION—STATUTES—INSOLVENT EMPLOYER— LIENS—PRIORITY OF LIENS.

A statute which provides that in the event of the insolvency of an employer who is a self-insurer under the Workmens Compensation Act any liability for compensation constitutes a first lien upon the employer's property paramount to all other claims or liens is not ambiguous and expresses the legislative intent that injured workers of self-insured employers should be protected and their claims given priority (MCLA 418.821; MSA 17.237[821]).

2. MORTGAGES—LIENS—WORKMEN'S COMPENSATION—STATUTES—PRIORITY OF LIENS—DUE PROCESS.

A mortgagee who obtains a lien against the property of a mortgagor-employer upon the insolvency of the employer may not complain of a violation of due process when the claims of injured employees are given priority over the mortgagee's lien pursuant to statute, because the statute was in effect at the time the mortgage was given, and the mortgagee must be presumed to have known that such liens would take precedence over the mortgage (MCLA 418.821; MSA 17.237[821]).

Appeal from Wayne, Thomas J. Foley, J. Submitted May 7, 1976, at Detroit. (Docket Nos. 23157, 24953.) Decided May 27, 1976. Leave to appeal denied, 397 Mich —.

Complaint by Commercial Trading Company against Detroit Gray Iron & Steel Foundries, Inc. for foreclosure of a mortgage. Defendant sought and was granted appointment of a receiver. Mack Jefferson and Arrester Jones intervened, seeking priority of their workmen's compensation claims

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 82 Am Jur 2d, Workmen's Compensation § 649 *et seq.*

over the claim of the plaintiff against the property of the defendant. Judgment for intervenors Mack Jefferson and Arrester Jones. Plaintiff appeals. Affirmed.

*Edward P. Frolich,* for plaintiff.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Robert W. Howes),* for intervenors Mack Jefferson and Arrester Jones.

Before: T. M. BURNS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

R. B. BURNS, J. The trial court entered a judgment holding that the intervenors' liens against the assets of the defendant, Detroit Gray Iron & Steel Foundries, Inc., were superior to plaintiff's mortgage. We affirm.

On January 22, 1973 the Bureau of Workmen's Compensation granted an award to Arrester Jones. On June 25, 1973 the Bureau of Workmen's Compensation granted an award to Mack Jefferson. On July 3, 1973 defendant executed a mortgage to the plaintiff.

On March 29, 1974 the circuit court appointed a receiver for defendant.

Defendant had been a "self-insured" employer under the compensation act as defined in MCLA 418.611; MSA 17.237 (611).

The trial court granted the intervenors liens against the assets of the defendant corporation and gave the liens priority over the mortgage of the plaintiff on the basis of MCLA 418.821; MSA 17.237(821), which reads in relevant part:

"In case of insolvency every liability for compensation under this act shall constitute a first lien upon all

the property of the employer liable therefor, paramount to all other claims or liens except for wages and taxes which lien shall be enforced by order of the court."

Plaintiff alleges that the trial court erred for numerous reasons.

In our opinion the legislative intent is clear. There is nothing ambiguous in the act. The Legislature intended that injured workers of "self-insured" employers should be protected and their claims given priority.

*Atlantic Dynamite Co v Ropes Gold & Silver Co,* 119 Mich 260; 77 NW 938 (1899), in construing the law of labor liens, answered plaintiff's contention concerning a violation of due process. On page 263 the Court stated:

"If we are to construe this statute as contended for by counsel for the bank, we must interpolate into it the words, 'except when the mortgage lien first attaches.' This evidently was not the intent of the legislature. The statute was upon the statute books at the time the mortgages were given, and entered into the contract between the mortgagor and mortgagee. The mortgagee must be presumed to have known that, when labor liens were filed, such liens would take precedence over the mortgages, and it is presumed to have contracted with this in view."

Affirmed. Costs to intervenors.